IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julian Mendoza,<br><br>    Defendant/Movant,<br><br>v.<br><br>United States of America,<br><br>    Plaintiff/Respondent. | CR 09-01406 PHX SRB<br>CIV 11-00513 PHX SRB(MEA)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE SUSAN R. BOLTON:**

On or about March 18, 2011, Mr. Julian Mendoza ("Movant") filed a pro se Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Respondent filed a response to Movant's motion to vacate or set aside his sentence on October 27, 2011. See Civil Doc. 15.

**I  Procedural History**

Movant and five co-defendants were arrested on November 3, 2009. On November 4, 2009, a complaint was filed charging Movant and his co-defendants with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine. See Criminal Doc. 1. On November 10, 2009, a federal grand jury returned a three count indictment against Movant and his co-defendants, charging one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine (Count 1), and one count of attempted possession with intent to distribute

5 kilograms or more of cocaine (Count 2), and possession of a firearm in furtherance of a drug trafficking crime (Count 3). See Criminal Doc. 17.

On October 4, 2010, pursuant to a written plea agreement lodged on October 4, 2010, see Criminal Doc. 163, Movant entered a guilty plea on a lesser included offense of Count 1 of the indictment. See Criminal Doc. 162 & Doc. 164. The lessor offense was conspiracy to possess with intent to distribute 500 grams or more of cocaine. See Criminal Doc. 163.

The plea agreement noted the maximum sentence possible for this crime was forty years imprisonment and that the statutory minimum sentence was five years imprisonment. See id. The written plea agreement provided that Movant would be sentenced to no more than the "high end" of the sentencing range provided by the "final advisory guideline range" as determined by the Court. Criminal Doc. 163 & Doc. 394. The plea agreement stipulated the guideline range would reflect Movant's possession of a weapon in furtherance of the count of conviction. See Criminal Doc. 394. The plea agreement also stipulated that Movant would be allowed to argue "sentence entrapment" at his sentencing hearing and that imposition of a mandatory minimum sentence was not appropriate. Id. The plea agreement provided that, however, Movant would not be allowed to appeal an unfavorable decision by the Court on the issue of imposition of a mandatory minimum sentence. Id.

The plea agreement further states:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The defendant further waives (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

Id.

On January 3, 2011, before his sentencing and three months after signing the plea agreement, Movant filed a pro se motion seeking to change counsel and seeking to withdraw from his plea agreement and asking the Court for a trial. See Criminal Doc. 322. On January 21, 2011, Movant sent a letter to the Court referencing his prior pro se motion and requesting a change of counsel and again asking to withdraw from his plea agreement. See Criminal Doc. 334.

On February 3, 2011, Movant filed another pro se motion asking to withdraw from the plea agreement, citing his counsel's ineffective representation. See Criminal Doc. 346. On February 8, 2011, Movant, through counsel, filed a motion seeking resolution of the issue of Movant's counsel. See Criminal Doc. 351. On March 7, 2011, Movant, through counsel, filed a motion

seeking to withdraw from his guilty plea. See Criminal Doc. 366. On March 7, 2011, Movant, through counsel, also filed objections to the presentence report and a motion seeking a downward departure from the statutory sentence and applicable sentencing guideline range. See Criminal Doc. 367 & Doc. 368.

At Movant's sentencing hearing on March 14, 2011, he requested he be allowed to withdraw his motions seeking to withdraw from the plea agreement and his motions to change counsel, which request was granted by the Court. See Criminal Doc. 386. At his sentencing Movant's final adjusted guideline sentencing range was determined to be 188 to 235 months. See Response (Civil Doc. 15), Exh. 2. At that time the Court granted Movant's motion at Criminal Doc. 368, seeking a variance from the statutory sentence. See id. Movant was sentenced to a term of 78 months imprisonment, with credit for time served prior to the date of sentencing. Id.

In his section 2255 motion Movant asserts his counsel was ineffective because he allegedly misrepresented Movant's potential sentence. Movant also contends that the government improperly withheld information regarding a confidential informant. Movant further argues he is entitled to relief because his counsel was ineffective for failing to investigate the issue of the confidential informant. Movant also contends that he was entrapped into committing the crime of conviction.

In response, Respondent argues:

> Defendant waived his right to assert a Section 2255 motion in his plea agreement. Further, at his sentencing, defendant moved to withdraw his two pro se motions that, as will be discussed shortly, contained the same

-4-

> allegations that are found in his Section 2255 motion, thereby waiving these specific issues from consideration. Lastly, there was no discovery violation for his counsel to investigate. None of defendant's assertions have any merit, nor are they borne out by the record.

Civil Doc. 15 at 4.

## II Analysis

### Waiver of the right to a collateral attack

Respondent asserts that this section 225 action must be dismissed because Movant waived his right to collaterally attack his conviction and sentence in the written plea agreement. The plea agreement signed by Movant expressly waived his right to collaterally attack any matter pertaining to Movant's conviction and sentence if the sentence imposed was consistent with the written terms of the agreement. The sentence imposed on Movant was consistent with the terms of the plea agreement. Because the sentence imposed was in accordance with the plea agreement, the plea agreement is valid. Therefore, Movant is bound by the plea agreement's waiver of his right to collaterally attack his conviction and sentence.

Because Movant legitimately waived his right to bring this action, his section 2255 motion may be summarily denied. See Mabry v. Johnson, 467 U.S. 504, 508-09, 104 S. Ct. 2543, 2546-47 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."); United States v. Jeronimo, 398 F.3d 1149, 1157 (9th Cir. 2005) (reaching this conclusion in the context of a direct appeal wherein the Movant waived his right to directly appeal or

-5-

collaterally attack his conviction and sentence in a plea agreement); United States v. Bolinger, 940 F.2d 478, 480-81 (9th Cir. 1991).

A defendant's waiver of his right to a direct appeal and a section 2255 action is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and the waiver is knowingly and voluntarily made. See United States v. Speelman, 431 F.3d 1226, 1229 (9th Cir. 2005). However, a plea agreement which waives the Movant's right to collaterally attack their sentence is not enforceable if the waiver was involuntary. See, e.g., Washington v. Lampert, 422 F.3d 864, 870-71 (9th Cir. 2005). See also United States v. White, 307 F.3d 336, 343 (5th Cir. 2002). A collateral attack alleging ineffective assistance of counsel in negotiating a plea agreement may be brought notwithstanding a waiver of this right in a plea agreement if the agreement was involuntary or unknowing or where the agreement was otherwise unlawful. See United States v. Cockerham, 237 F.3d 1179, 1182 (10th Cir. 2001)("[A] waiver of appeal may not be enforced against a section 2255 petitioner who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary."); Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000).

At Movant's sentencing hearing, in direct response to the Court's query regarding Movant's previous request to change counsel, Movant informed the Court that he had read the plea agreement and sentencing report and discussed them with his counsel and that he was satisfied with his counsel's representation. Civil Doc. 15, Exh. 5 at 6-7. Movant's

contemporaneous statements regarding his understanding of the plea agreement carry substantial weight in determining if his entry of a guilty plea was knowing and voluntary. See United States v. Mims, 928 F.2d 310, 313 (9th Cir. 1991); United States v. Walker, 160 F.3d 1078, 1096 (6th Cir. 1998) (holding that "a straightforward and simple 'Yes, your Honor' is sufficient to bind a Movant to [the] consequences [of a plea agreement]."). Additionally, because he was adequately informed of the consequences of his plea, Movant's guilty plea can be considered voluntary and knowing. See Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S. Ct. 1709, 1712 (1969). The undersigned concludes Movant's guilty plea was voluntary and made intelligently. See Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir. 1986); United States v. Kamer, 781 F.2d 1380, 1383 (9th Cir. 1986).

Because Movant does not produce any evidence indicating he did not knowingly and voluntarily enter into the agreement, the undersigned concludes the plea agreement was valid, as was Movant's voluntary waiver of his right to collaterally attack his sentence. Accordingly, the section 2255 petition should be denied and dismissed. Compare United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).

**Movant's ineffective assistance of counsel claim**

> The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).... To prevail on a claim of ineffective assistance of counsel, petitioner must show 1) his attorney's performance was unreasonable under prevailing professional standards; and 2) there is a reasonable probability that but for counsel's unprofessional errors, the results would have

-7-

>been different. <u>United States v. Blaylock</u>, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting <u>Strickland</u>, 466 U.S. at 687, 104 S. Ct. at 2064). "Strickland defines a reasonable probability as 'a probability sufficient to undermine confidence in the outcome.'" <u>Id.</u>

<u>United States v. Span</u>, 75 F.3d 1383, 1386-87 (9th Cir. 1996). <u>See</u> also <u>United States v. Thomas</u>, 417 F. 3d 1053, 1056 (9th Cir. 2005).

The Sixth Amendment entitles a criminal defendant to "a reasonably competent attorney, whose advice is within the range of competence demanded of attorneys in criminal cases." <u>United States v. Cronic</u>, 466 U.S. 648, 655, 104 S. Ct. 2039, 2044-45 (1984) (internal quotations omitted). In order to find that Movant was deprived of the effective assistance of counsel and grant him relief on this claim pursuant to section 2255 the Court must conclude counsel's performance was deficient and that the deficient performance prejudiced Movant. <u>See</u> <u>United States v. Withers</u>, 638 F.3d 1055, 1066-67 (9th Cir. 2011). Movant bears the burden of providing sufficient evidence from which the Court can conclude his counsel's representation was unconstitutionally ineffective. <u>Id.</u> In the context of a defendant who pleads guilty, to be entitled to relief, the movant must establish that, but for his counsel's allegedly deficient performance, the movant would have chosen not to plead guilty but to proceed to trial. <u>See</u>, <u>e.g.</u>, <u>Bethel v. United States</u>, 458 F.3d 711, 718 (9th Cir. 2006).

Counsel's performance is deficient when it is unreasonable, or not "within the range of competence demanded of attorneys in criminal cases." <u>Strickland</u>, 466 U.S. at 687, 104

S. Ct. at 2054. Judicial scrutiny of counsel's performance must be "highly deferential." Id., 466 U.S. at 689, 104 S. Ct. at 2065. See also Carter v. Lee, 283 F.3d 240, 248-49 (4th Cir. 2002). Movant must overcome a strong presumption that his counsel's representation was within a wide range of reasonable professional assistance. See United States v. Ferreira-Alameda, 815 F.2d 1251, 1253 (9th Cir. 1996); United States v. Molina, 934 F.2d 1440, 1447 (9th Cir. 1991).

Movant asserts his plea was "unlawfully induced" because his defense counsel told him he would receive a sentence of "0-5 years" and that his sentence would be based upon "Sentencing Entrapment and Robbery guidelines." Movant contends his counsel encouraged him to take the plea because a jury would not believe that Movant had been entrapped into committing the crime. See Civil Doc. 1 at 5.

Movant's counsel was not unconstitutionally ineffective because he allegedly advised Movant that a jury would probably find him guilty notwithstanding an entrapment defense. As noted by Respondent, the Court had occasion to evaluate the argument that Movant was entrapped in the context of another co-defendant's trial, other co-defendants' pleadings, and Movant's counsel's statements prior to and at the sentencing hearing.

Additionally, had he not accepted the plea agreement and proceeded to trial, Movant faced a sentence substantially in excess of the 78 month sentence imposed. Respondent notes:

> Based upon the drug quantity, had defendant been convicted at trial of Count 3 and either Count 1 or Count 2, the district court would have been required by statute to sentence defendant to no less than 15 years (180

> months). In fact, as detailed in defendant's Presentence report, based upon drug quantity and upward adjustments for body armor and firearms, his post-trial advisory guideline sentencing range would have been 322 to 387 months, reflecting of a guideline range of 262 to 327 months prison for Counts 1 and 2, coupled with an mandatory minimum additional 60 consecutive months for Count 3.

Civil Doc. 15 at 11.

The plea agreement specified that Movant would be sentenced at the "high end" of the applicable sentencing guideline range, which was determined to be 188 to 235 months. Movant's counsel's efforts resulted in the Court agreeing to depart downward from the statutory and sentencing guideline sentence and Movant was sentenced to a term of 78 months imprisonment, a vastly shorter time than the 235 months that would be allowed by the guideline range and plea agreement and a vastly shorter term of incarceration than the 40 years possible if Movant had gone to trial on this charge alone. Additionally, the plea agreement allowed Movant to challenge his conviction based on the theory that Movant was entrapped.

Movant has not established that his counsel's advice with regard to the potential sentence he faced if he accepted the plea was unconstitutionally deficient or prejudicial. "To establish a claim of ineffective assistance of counsel based on alleged erroneous advice regarding a guilty plea, a petitioner must demonstrate more than a 'mere inaccurate prediction.'" Sophanthavong v. Palmateer, 378 F.3d 859, 868 (9th Cir. 2004), quoting Iaea v. Sunn, 800 F.2d 861, 864-65 (9th Cir. 1986). Defense counsel's alleged erroneous predictions as to the likely

-10-

sentence following a guilty plea, "are deficient only if they constitute 'gross mischaracterization of the likely outcome' of a plea bargain 'combined with ... erroneous advice on the probable effects of going to trial.'" Id., quoting United States v. Keller, 902 F.2d 1391, 1394 (9th Cir. 1990). Furthermore, if the defendant was informed prior to entering his guilty plea of the potential sentence he could receive, he cannot establish prejudice from counsel's incorrect prediction as to his sentence. See Womack v. Del Papa, 497 F.3d 998, 1003-4 (9th Cir. 2007). See also United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir. 1990) (explaining that an erroneous sentence prediction "does not entitle a defendant to challenge his guilty plea"); Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989) (finding that an inaccurate sentence prediction was not prejudicial).

The Ninth Circuit Court of Appeals has held that, in the context of a defendant who pleads guilty, an attorney's performance may only deemed unconstitutionally deficient when counsel "grossly" mischaracterizes the likely sentence to be received when counseling the defendant to plead guilty. See Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990). In cases where the Ninth Circuit has found gross mischaracterization the sentence received by the defendant was of a different order of magnitude than what Movant asserts in this matter as constituting counsel's deficient performance. Compare Chacon v. Wood, 36 F.3d 1459, 1464 (9th Cir. 1994), superseded by statute on other grounds as stated in Morris v.

<u>Woodford</u>, 229 F.3d 775, 779 (9th Cir. 2000) (three months predicted; ten years imposed); <u>Iaea</u>, 800 F.2d at 865.

### III Conclusion

Movant waived his right to collaterally attack his convictions and sentences in his plea agreement. Movant has not established that his waiver of these rights was not knowing and voluntary. Additionally, Movant has not established that he was denied his right to the effective assistance of counsel because his counsel allegedly misrepresented the length of the sentence which was imposed.

**IT IS THEREFORE RECOMMENDED** that Mr. Mendoza's motion for relief from his convictions and sentences pursuant to section 2255 be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.

Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of

Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 7th day of December, 2011.

_____
Mark E. Aspey
United States Magistrate Judge